*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES KWAME CARTER,

      Plaintiff-Appellant,

v

MEIJER, INC.,

      Defendant-Appellee.

UNPUBLISHED
November 4, 2021

No. 355680
Wayne Circuit Court
LC No. 19-007281-NI

Before: MARKEY, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Charles Kwame Carter, appeals as of right the trial court's order granting summary disposition to defendant, Meijer, Inc., pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff's claim arises out of a slip and fall in defendant's gas-station restroom. Plaintiff claims the trial court erred in concluding that there were no issues of material fact on the issue of notice, such that plaintiff could not prove defendant had constructive notice of a broken or leaking soap-dispenser creating a hazardous condition. Because plaintiff failed to provide any evidence that defendant had actual or constructive notice of the allegedly dangerous condition of the bathroom floor, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint against defendant, alleging premises liability, ordinary negligence, and nuisance arising out of his fall in defendant's bathroom.[1] He alleged that he fell

---

[1] The trial court granted defendant's motion for summary disposition in regard to plaintiff's ordinary negligence and nuisance claims after finding no basis to support those claims. Plaintiff does not challenge that portion of the court's ruling on appeal. Therefore, we will not address plaintiff's ordinary negligence and nuisance claims in this opinion.

and sustained serious injuries as a result of a broken soap dispenser leaking clear soap on the floor, and that defendant breached its duty to maintain the premises in a safe manner.

According to plaintiff's deposition testimony, in the evening on May 8, 2019,[2] he was riding in the car with his wife when they decided to stop at the Belleview Meijer gas station for snacks. Plaintiff went in while his wife waited in the car. While inside, he decided to use the bathroom. Plaintiff set the items he planned to buy on the counter and entered the men's single-occupant bathroom.

Plaintiff did not observe any problem with the bathroom when he entered. After using the toilet, he turned and took a step toward the sink, but his left foot slipped out from under him and he fell onto his left hip, elbow, and shoulder on the floor. Plaintiff did not see anything on the floor until after he fell. While he was lying on the floor, he observed what he believed was "a little pool" of clear liquid. He touched the substance and concluded that it was soap, and it "[l]ooked like the [soap dispenser] was maybe leaking or something[,]" although "[e]verything was happening so fast, I was kind of catching my bearings and looking around . . . ." He later testified that he was able to see the dispenser leaking soap, which he saw coming down the wall. But he could not say whether it was actively coming down or had dripped earlier. He explained that he did not look at the floor at all while entering the bathroom, and that he did not slip while approaching the toilet. He also initially testified that he was looking straight ahead when he took the step toward the sink and fell. However, during examination by plaintiff's own attorney, he testified that he was paying attention to the floor and all of his surroundings before he fell. Plaintiff stated that he would not have been able to see the substance on the floor while he was standing.

Plaintiff later characterized the quantity as "quite a bit" of soap on the ground that covered the area where he was lying from his leg to his head, and which, using his common sense, he could assume had been there for more than ten minutes. His shirt and pants were stained by the substance. Plaintiff yelled for help and employees called police and emergency medical services. He acknowledged that he did not hear anyone else mention the soap on the floor either before he entered the bathroom or while he was leaving with medical personnel. He also did not tell any of defendant's employees that his fall was caused by soap dripping onto the floor. Plaintiff noted that the soap had trickled near the door, and that he would have been unable to leave without encountering the substance.

A Van Buren Township police officer was the first of the emergency personnel to arrive at the gas station. In a police report, the officer stated that when he arrived, he observed plaintiff lying on his left side on the floor of the men's bathroom. According to the report, plaintiff told the officer that he slipped on the wet floor and fell. The officer explained that he did not see any water on the bathroom floor, but observed "some wetness" in plaintiff's right hip area. The officer

---

[2] During plaintiff's deposition, he stated that he did not recall what time the incident occurred. However, the police report prepared as a result of the incident states that it was reported at 10:01 p.m.

further stated that the bottoms of plaintiff's shoes were dry. The officer stayed and spoke with plaintiff until medical personnel arrived and transported plaintiff to the hospital.

Gary Warmanen worked part-time at the gas station doing maintenance, cleaning, and stocking shelves and coolers. He explained in his deposition that he did not typically clean the bathrooms. Rather, the "midnight person" usually did. However, on the evening of May 8, 2019, Warmanen arrived at the gas station for his shift and happened to use the bathroom. He discovered that a "nasty person" made a mess in the bathroom by "throwing [feces] all over." Warmanen stated that the feces was generally near the toilet and he did not see anything amiss in the area by the sink. He reported the condition of the bathroom to the gas station manager, and he believed that she called the general manager who was on duty at the nearby Meijer store.

Warmanen put on protective gear and cleaned the bathroom at 8:00 p.m. He blocked the door with a "wet floor" sign. The bathroom could not be used until the floor was dry. About 20 minutes later, Warmanen checked the floor with his hand and observed that it was dry. He then removed the "wet floor" sign. Warmanen explained that he did not survey the entire bathroom, he just cleaned up the mess.

Later, a customer informed Warmanen that plaintiff fell in the bathroom. He went to investigate and discovered plaintiff on the floor moaning and groaning. Plaintiff said that his hip and leg hurt, but he did not tell Warmanen how he fell. After plaintiff was taken to the hospital, Warmanen checked the bathroom floor on his hands and knees and observed that it was completely dry. He acknowledged that he did not specifically check the soap dispenser, but maintained that it was not leaking because the soap would have dripped onto the floor and there were no spots on the floor. In fact, Warmanen testified that he was "absolutely positive that there was no soap on the floor." He explained that the soap used in the bathroom was a blue liquid that dispensed as a foam.

Following discovery, defendant moved for summary disposition, asserting that plaintiff's premises liability claim could not be sustained because there was absolutely no evidence that it had actual or constructive notice of the alleged hazardous condition before plaintiff's fall. Defendant also submitted that if the condition in the bathroom was a "pool of soap" as alleged, the condition was open and obvious as a matter of law. At a hearing, the trial court agreed that plaintiff failed to establish that defendant had notice of the hazardous condition and granted the motion, which resulted in the dismissal of the complaint. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition on the basis that plaintiff failed to provide sufficient evidence to create a genuine question of material fact regarding defendant's notice of the hazardous condition on the bathroom floor. We disagree.

"This Court reviews de novo a trial court's decision to grant or deny summary disposition." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, __ Mich App __, __; __ NW2d __ (2021) (Docket No. 351813); slip op at 3. A summary disposition motion brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the claim. *Id*. "When reviewing an order granting

summary disposition under MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted.) This Court reviews de novo the trial court's determination as to whether a duty exists. *Id*.

"In a premises liability action, as in any negligence action, the plaintiff must establish the elements of negligence, being (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Id*. at __; slip op 4-5. "However, a claim of premises liability arises merely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. at __; slip op 5 (quotation marks and citation omitted).

In this case, there is no dispute that plaintiff qualified as an invitee on defendant's premises. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597, 614 NW2d 88 (2000) (stating that "invitee status is commonly only afforded to persons entering upon the property of another for business purposes"). "The possessor of land owes the greatest duty to an invitee, being the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises." *Jeffrey-Moise*, __ Mich App at __; slip op at 5. Moreover, "the possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect." *Id*. As a result, "[t]he plaintiff must demonstrate that 'the premises possessor had actual or constructive notice of the dangerous condition at issue.' " *Id*. (quoting *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016)).

In regard to a premises owner's notice of the dangerous condition that would result in liability, the Michigan Supreme Court explained that:

> The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. [*Lowrey*, 500 Mich at 10 (quotation marks and citation omitted)].

In *Lowrey*, 500 Mich at 3-4, the plaintiff and her friends celebrated St. Patrick's Day at the defendant diner. The group used the diner's back stairs several times throughout the evening without any incident. *Id*. at 4. However, upon leaving, the plaintiff slipped on the fifth step from the bottom and fell forward, breaking one of her legs. *Id*. Plaintiff asserted that she slipped on a wet step because her backside was wet immediately after she fell. *Id*. However, she admitted that she never saw any water on the stairs at any time during the night. *Id*. The plaintiff filed a complaint against the diner, alleging negligence. *Id*. The trial court granted the diner's motion for summary disposition, "holding that [the] plaintiff failed to raise a genuine issue of material fact regarding whether [the] defendant had actual or constructive knowledge of the condition of the stairs; alternatively, the court found the hazardous condition to be open and obvious." *Id*. This Court reversed, concluding that the diner failed to establish that it lacked notice of the hazardous

condition, and that it could not invoke the "open and obvious" defense because it had not shown that a reasonable person would have discovered the hazard. *Id*. at 5.

The diner appealed this Court's decision to the Michigan Supreme Court, and the Court reversed, holding that the diner was entitled to summary disposition on the basis that the plaintiff failed to provide sufficient evidence that the diner had actual or constructive evidence of the hazardous condition. *Id*. at 11. According to the Supreme Court, "in order to show notice, [the] plaintiff had to demonstrate that [the] defendant knew about the alleged water on the stairs or should have known of it because of its character or the duration of its presence." *Id*. In regard to actual notice, the Court explained that the plaintiff never observed water on the stairs, the diner's manager testified that no one else reported water on the stairs that night, and the plaintiff's group of friends did not hear about anyone else having trouble with the stairs. *Id*. The plaintiff alleged that an unidentified employee saw her fall; however, the Court concluded that the employee's presence did not prove that he knew about the water on the stairs before the plaintiff fell. *Id*. Similarly, the Court held that the plaintiff also failed to demonstrate that the diner had constructive notice of the alleged water on the stairs. *Id*. Plaintiff's group had used the stairs several times throughout the evening without any incident, which supported the conclusion that the condition could not have existed for the entirety of the evening. *Id*. at 12. Moreover, the Court stated that the plaintiff failed to produce any evidence relating to the character of the condition because it was merely her assumption that there was water on the stairs because her pants were wet after she fell. *Id*. Ultimately, the Supreme Court held that the plaintiff "failed to support an essential element of her claim—[the] defendant's notice of the hazardous condition," and therefore the defendant was entitled to summary disposition. *Id*.

At the outset, in this case, there is no dispute that defendant did not have actual notice of the alleged hazardous condition. Instead, plaintiff asserts that defendant had constructive notice of the condition because the bathroom needed to be cleaned approximately two hours before plaintiff's fall as the result of a messy patron. In other words, plaintiff's position is that defendant should have known that the messy patron could potentially have caused damage to the facilities in the bathroom other than smearing feces by the toilet, such as damaging the soap dispenser, and a proper inspection would have revealed the leaking soap. Aside from pure speculation as to how the soap dispenser may have been damaged or leaked—accepting plaintiff's testimony as true that it was leaking—plaintiff has not provided evidence of constructive notice.

Plaintiff himself testified that he did not notice anything wrong with the small bathroom when he entered, and he did not slip on his way to the toilet.[3] The responding police officer noted in his report that there was no water on the floor and the bottoms of plaintiff's shoes were dry. He also waited with plaintiff until medical personnel arrived, but did not write anything in the report about a broken soap dispenser or soap on the floor. He noted that the right hip area of plaintiff's sweatpants was wet, but plaintiff fell on his left side. Warmanen testified in his deposition that he checked to make sure that the floor was dry before removing the "wet floor" sign after cleaning the bathroom at 8:00 p.m. Moreover, he rechecked the floor after plaintiff was taken to the hospital

---

[3] Nor did plaintiff mention to anyone that the dispenser was broken or that he slipped as a result of soap pooling on the floor after he fell.

and it was dry. The incident report that was prepared as a result of the incident noted the same observation. Warmanen testified that the soap used in the bathroom was blue and dispensed as a foam that turned blue. In an affidavit attached to defendant's motion for summary disposition, the gas station's team leader averred that the soap in the bathroom was a blue liquid that dispensed as a white foam, in addition to stating that the same dispenser was still in the men's bathroom as of August 2020. Plaintiff did not present any evidence that other customers complained that the floor in the men's bathroom was slippery or that the soap dispenser was broken before he fell.

Although plaintiff contends that the mess in the bathroom earlier in the evening should have put defendant on notice that there could be additional damage to the bathroom, a defendant in a premises liability action is not required "to present evidence of a routine or reasonable inspection . . . to prove a . . . lack of constructive notice of a dangerous condition on its property." *Id*. at 10. At any rate, plaintiff did not provide any additional evidence to establish how long the soap dispenser was allegedly leaking. Warmanen testified in his deposition that the earlier fecal mess was mostly contained near the toilet and he did not see anything amiss in the sink area. Moreover, after mopping the bathroom, Warmanen blocked the door with a "wet floor" sign. Twenty minutes later, he returned and checked the floor with his hand, making sure it was dry. In Warmanen's deposition, he testified that he knew the soap dispenser was not leaking because it would be dripping onto the floor and the floor was dry. As noted, plaintiff testified in his deposition that he did not see anything wrong with the bathroom when he entered it. As a result, although Warmanen acknowledged that he did not specifically check the soap dispenser for damage, plaintiff failed to present sufficient evidence to establish that the dispenser had been leaking for a significant amount of time. Indeed, even if we accept that plaintiff slipped on soap, it is possible that the soap leaked or spilled right before plaintiff fell. Therefore, he failed to establish a genuine issue of material fact concerning whether defendant's staff knew that the bathroom floor had become slippery or that the slippery condition existed for such a time that they should have known of its existence. *Id*. at 11. Because plaintiff failed to "support an essential element of [his] claim—defendant's notice of the hazardous condition," defendant was entitled to summary disposition. *Id*. at 12.

Plaintiff asserts that the Michigan Supreme Court's holding in *Clark v Kmart Corp*, 465 Mich 416; 634 NW2d 347 (2001), supports the contention that defendant had constructive notice of the leaky soap dispenser. We disagree. In *Clark*, 465 Mich at 417, the plaintiff slipped and was injured when she stepped on several loose grapes that were scattered on the floor of a closed check-out line. The Court explained that there was no direct evidence regarding when or how the grapes came to be on the floor, but an employee testified that the check-out lane was closed at least an hour before the plaintiff arrived. *Id*. at 420. As a result, the Supreme Court held that "the availability of the inference that the grapes had been on the floor for at least an hour" was sufficient evidence "for the jury to find that the dangerous condition that led to the injury existed for a sufficient period of time for [the] defendant to have known of its existence." *Id*. at 421.

However, a similar inference cannot be established in this case. As explained earlier in this opinion, Warmanen testified that the bathroom floor was completely dry at 8:20 p.m. There was no evidence that any other customers had any complaints regarding the bathroom's floor or soap dispenser. In addition, plaintiff did not initially see anything wrong with the bathroom, he did not slip while walking to the toilet, and he said he would not have been able to see the liquid on the floor while looking down from a standing position. At approximately 10:00 p.m., the

responding police officer did not observe any water on the floor or any substance on the bottoms of plaintiff's shoes.[4]  As a result, this case is distinguishable from *Clark* because plaintiff did not provide any evidence to support an inference that soap, or any other slippery substance, had been on the bathroom floor for a significant amount of time such that defendant should have known of its existence.[5]  See *id*.

Affirmed.

/s/ Jane E. Markey
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[4] When responding to his counsel's question, plaintiff testified that the amount of clear liquid he observed on the floor after he fell could have been there for more than ten minutes, which is not sufficient to establish constructive notice.

[5] The parties appear to agree that it is unnecessary for this Court to address whether the leaking soap was open and obvious, and if so, whether the condition was effectively unavoidable. Nonetheless, in *Lowrey*, 500 Mich at 12 n 3, the Supreme Court concluded that because it determined that the plaintiff failed to establish the notice element of her claim, it was unnecessary to address this Court's open and obvious decision, and the Court vacated that portion of this Court's opinion.  Accordingly, we decline to consider whether the alleged hazardous condition was open and obvious.